UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GEORGE BEAULIEU, III,         )<br>                               )<br>         *Plaintiff*           )<br>                               )<br>v.                             )<br>                               )<br>CAROLYN W. COLVIN, Acting     )<br>Commissioner of Social Security, )<br>                               )<br>         *Defendant*           ) | No. 1:10-cv-454-GZS |

### RECOMMENDED DECISION ON MOTION FOR AWARD OF ATTORNEY FEES

The plaintiff's attorney in this Social Security benefits case seeks an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $26,500 in connection with an award of past-due benefits to the plaintiff. The commissioner opposes the amount of the request, characterizing it as a windfall. I recommend that the court grant the motion for a reduced amount.

### I.    Factual and Procedural Background

On September 29, 2010, the plaintiff executed a contingent fee agreement with the law firm of Jackson & MacNichol in connection with his appeal to this court of the commissioner's adverse decision on his application for Social Security Disability benefits. Contingent Fee Agreement for Representation Before the Court with the Law Firm of Jackson & MacNichol (ECF No. 24-2) at 6. The agreement provided, in relevant part: "Client agrees to pay a fee equal to twenty[-]five percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents['] benefits, subject to the approval of said fee by the court." *Id*. at 3 ¶ 3(A).

1

On February 23, 2011, following the plaintiff's filing of his Itemized Statement of Errors, the commissioner filed an unopposed motion to reverse the decision of which the plaintiff complained and remand the case for further action. ECF No. 10. The motion was granted the next day. ECF No. 11.

On March 23, 2011, the plaintiff filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 13. On March 30, 2011, this court entered an order approving payment under the EAJA in the amount of $692.00. ECF No. 15. The plaintiff's attorney has already received payment of $6,000 for work performed in this matter at the administrative level. That amount, plus the $26,500 sought by the instant motion, would equal almost 25% of the past due benefits awarded to the plaintiff ($131,278.00). Defendant's Response to Plaintiff's Amended Motion for Award of § 406(B) Fees ("Opposition") (ECF No. 25) at 2-3; Motion at 1.

The plaintiff's attorney's itemized statement of work performed in this court indicates that Jackson & MacNichol expended 3.55 hours of attorney time, billed at $177.00 per hour, and .85 hours of paralegal time, billed at $75.00 per hour, to obtain the remand order that eventually led to the plaintiff prevailing in further proceedings before the commissioner. ECF No. 24-3.

## II.     Discussion

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.,* Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 US.C. § 406(b)(1)(A).

This court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand. *See, e.g., Horenstein v. Secretary of Health & Human Servs.,* 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits—including the First Circuit—in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.")

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

This court has a duty to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *Id*. at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent, check, to assure that they yield reasonable results in particular cases. Congress has provided one

boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

The outer boundaries of a test of "reasonableness" are difficult to plot. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall). *Id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808). It is the latter reason that is cited in the commissioner's opposition to the amount of the attorney fee request now before the court.

Counting paralegal time as attorney time, the hourly rate of the attorney fee sought here would be approximately $6,022.70 ($26,500 for 4.4 hours of work). I have previously suggested that an effective hourly rate of $690.00 "might implicate windfall concerns." *Doucette v. Astrue*, Civil No. 07-178-P-S, 2009 WL 2824749, at *3 (D. Me. Aug. 27, 2009). Since that time, however, Judge Hornby of this court held, in an opinion upon which the plaintiff's attorney relies herein, Motion at 4, that, where the only issue was "whether the [contingent] fee is too large given the paralegal's significant role," and where "[t]here is no suggestion that this was obviously an inordinately easy case from the outset and that the success was not due to the law firm's efforts, or that its success was attributable to some other source[,] [t]hat should be the end of the matter." *Siraco v. Astrue*, 806 F.Supp.2d 272, 277 (D. Me. 2011). The plaintiff's attorney interprets this

opinion to hold that, if the amount of attorney fees requested does not exceed 25% of the total past-due benefits award, and "the lawyers were very successful, and there was no allegation of delay or inadequate representation or that the success was not due to the lawyers' efforts," he must be awarded the full amount that he seeks.  Motion at 4.

This conclusion reads *Siraco* too broadly, particularly given Judge Hornby's later decision in *Ezekiel v. Astrue*, 853 F.Supp.2d 177 (D. Me. 2012).  In that case, the contingent fee agreement generated a 25% attorney fee of $12,426.  *Id.* at 178.  The commissioner had already approved payment of $6,000 for post-remand work, as is the case here.  *Id.*  Citing both *Gisbrecht* and *Siraco*, Judge Hornby gave particular weight to *Gisbrecht*'s observation that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."  *Id.* at 179 (citation omitted).  He held that this observation "indisputably applie[d]" to the requested fee award of $6,426 for 3.1 hours of work, *id.*, notwithstanding his caution that "a contingent fee agreement ordinarily should govern."  *Id.* at 181.

Giving due weight to the legitimate consideration emphasized in the instant case by the plaintiff's attorney—that he must generate significantly more than the mere "lodestar" hourly rate in cases like this in order to protect his income because he will be paid nothing in the cases that he loses, Plaintiff's Reply Memorandum Regarding Award of § 406(b) Fees (ECF No. 26) at 2-4— Judge Hornby also noted that the lawyer "could not have expected the mere filing of the boilerplate complaint . . . would generate the success."  853 F.Supp.2d at 180.  Concluding that this was "an unearned windfall," Judge Hornby reduced the requested award of $6,426 to $3,675, "three times the lodestar."  *Id.* at 180-81.  In the instant case, prior to the time that the commissioner filed her motion for voluntary remand, the lawyer similarly did no more than file a form complaint, found at Appendix I to the Local Rules, and a motion to proceed *in forma pauperis*, without advancing

5

the plaintiff's arguments in an itemized statement of errors or arguing before the court. ECF Nos. 1, 3, 10.

The lodestar had been calculated in *Ezekiel* at three times the highest hourly rate for which the attorney testified that he had been approved. In the instant case, that calculation results in a lodestar rate of $1,185 per hour ($395, Affidavit in Support of Application for EAJA Fees (ECF No. 13-2) ¶ 5, times 3). Allowing the .85 hour of paralegal time billed in this case to be treated as attorney time, the resulting allowable fee is $5,214 ($1,185 times 4.4). The attorney has expressly recognized his obligation to remit to the plaintiff the $692.00 previously awarded to him in fees under the EAJA should this award exceed that amount as it does. Motion at 4.

### III. Conclusion

For the reasons discussed above, and because this case fits within the parameters of an "exceptional situation" as discussed in *Ezekiel*, I recommend that the plaintiff's motion for an award of attorney fees be **GRANTED,** but only in the reduced amount of $5,214.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of January, 2016.

                                                /s/  John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge